PER CURIAM.
John Hester appeals the summary denial of his motion to correct an illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). Hester stated in his motion that he was sentenced to an indeterminate life sentence for a conviction of robbery without a firearm on March 6, 1975. Hester claimed that he was illegally sentenced to life because the trial court erroneously enhanced the robbery conviction by sentencing him pursuant to section 813.011, Florida Statutes (1973), which, according to Hester, had been changed at the time of his sentencing to section 812.13, Florida Statutes (1975). In denying Hester’s motion, the trial court noted that Hester was sentenced in accor *472 dance with section 813.011, Florida Statutes (1973), which was the law in effect at the time Hester committed the offense.
Section 813.011 states, in pertinent part, that a court may sentence an individual to a term of years up to a life sentence when that person has been convicted of simple robbery without a firearm.[1] This statute was amended and transferred to chapter 812; robbery without a firearm became a second-degree felony punishable by a maximum of fifteen years’ incarceration. See § 812.13(2)(c), Fla. Stat. (Supp. 1974). However, section 812.13(2), as amended, did not take effect until July 1, 1975, which was after Hester’s date of offense and sentencing date. See Ch. 74-383, § 38, at 1244, Laws of Fla.
Therefore, the trial court appropriately sentenced Hester under section 813.011. Accordingly, the trial court’s order denying Hester’s motion to correct an illegal sentence is affirmed.

. Section 813.011, Florida Statutes (1973), states: "Whoever, by force, violence or assault or putting in fear, feloniously robs, steals and takes away from the person or custody of another, money or other property which may be the subject of larceny, shall be guilty of a felony of the first degree, punishable by imprisonment in the state prison for life or for any lesser term of years, at the discretion of the court.”